

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

STEPHEN M. BEVERLY,
For himself and on behalf of all
similarly situated individuals.

        Plaintiff,

v.                                    CASE NO.: 3:07CV469

WAL-MART STORES, INC.

        Defendant.

## CLASS COMPLAINT

COMES NOW, Stephen M. Beverly, on behalf of himself and all similarly situated individuals and alleges the following claims:

### INTRODUCTION

1.     This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq.* The Defendant, the Plaintiff's prospective employer, unlawfully used an inaccurate consumer report of Plaintiff and other putative class members that it obtained from ChoicePoint to deny employment to him. Further, the Defendant did fail to comply with the many procedural protections and requirements imposed under the FCRA.

### JURISDICTION

2.     The Court has jurisdiction under the FCRA, 15 U.S.C. §1681n and 1681p. Supplemental jurisdiction is proper pursuant to 28 U.S.C. §1367.

3.     Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant regularly does business in the district and division. Wal-Mart maintains its registered office and

registered agent in Glen Allen, which is within the Richmond Division.

## PARTIES

4. Stephen M. Beverly is a citizen of the Commonwealth of Virginia and a "consumer" as protected and governed by the FCRA.

5. Wal-Mart is a Delaware corporation doing business in Virginia, including Richmond. At all times relevant hereto, it was a "user" of the consumer report of Plaintiff, as governed by the FCRA. Further, it regularly conducted interstate commerce and was thus subject to 28 U.S.C. §1982.

6. ChoicePoint is a corporation with its principal place of business in North Carolina doing business in Virginia. At all times relevant hereto, it was a "consumer reporting agency" as governed by the FCRA.

## FACTS

7. During the week of August 14, 2005 Plaintiff went to Wal-Mart to apply for employment.

8. The following Friday, August 26, 2005, Plaintiff interviewed with two individuals at Wal-Mart.

9. The following Tuesday, August 30, 2005, Wal-Mart referred Plaintiff for drug screening.

10. Defendant informed Plaintiff that he was approved with the only thing standing between Plaintiff and a job at Wal-Mart at that point was the results of his consumer report/criminal background check.

11. In early September ChoicePoint concluded from a review of the public records that Plaintiff was a convicted felon.

12. Upon information and belief, Plaintiff alleges that Wal-Mart made an automated decision to reject Plaintiff's application based on the contents of his credit report received.

13. Upon information and belief, Wal-Mart not only purchased the Plaintiff's consumer report from ChoicePoint, but it also delegated to ChoicePoint the duty, based on the predetermined criteria of Plaintiff's alleged felony conviction, to reject the Plaintiff's application and to notify Plaintiff that he was not being hired.

14. Upon information and belief, ChoicePoint forwarded a letter on Wal-Mart stationary to Plaintiff notifying Plaintiff that he was not being hired by Wal-Mart.

15. The consumer report furnished by ChoicePoint was inaccurate. The Plaintiff had never been convicted of a felony.

16. As a direct result of the criminal record consumer report which incorrectly reported that Plaintiff was a felon, Wal-Mart denied Plaintiff's employment application.

## CLASS ACTION ALLEGATIONS

17. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

> All employees or prospective employees of Wal-Mart residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Wal-Mart to make an ADVERSE employment decision regarding such employee or prospective employee on or after two years prior to the filing of this action through the date of the certification of this action for whom Wal-Mart did fail to provide that applicant a copy of their consumer report at least five days before it took such adverse action.
>
> Excluded from the Class is Defendant, any entity in which Defendant has a controlling interest, any employees, officers, directors of Defendant, and any legal

representatives, heirs, successors, and assignees of Defendant, and any judge assigned to hear this action.

18.  **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members and Sub-Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

19.  **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

   a.  Whether Wal-Mart provides a copy of the consumer report to the employee before its takes an adverse action based upon the consumer report;

   b.  Whether Wal-Mart knowingly and intentionally committed an act in conscious disregard of the rights of the consumer;

   c.  Whether Wal-Mart's conduct constituted violations of the FCRA, including 15 U.S.C. §1681b(b)(3)(A).

20.  **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

21.  **Adequacy. FED. R. CIV. P. 23(a)(4)).** Plaintiff is an adequate representative of the Classes because his interests coincide with, and are not antagonistic to, the interests of the members of the Classes he seeks to represent; he has retained counsel competent and experienced

in such litigation; and he intends to prosecute this action vigorously. The interests of members of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

22. **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

23. **Injunctive Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2).** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Classes, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

## COUNT ONE

24. Wal-Mart willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A), because it took an adverse action against Plaintiff and each similarly situated individual before it had

provided a copy of the consumer report it used in making such action.

25. In the alternative of a willful violation, the Defendant's violations were negligent.

26. As a result of the above alleged FCRA violations, Plaintiff and Class Members have suffered injury.

27. As a result of these FCRA violations, the Defendant is liable to Plaintiff and to each FCRA Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), for actual damages pursuant to 15 U.S.C. §1681n and §1681o if the amount of actual damages is greater than the statutory amount; Defendants are also liable for punitive damages with regard to Plaintiff and the Class pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys fees and costs pursuant to §1681n and §1681o.

28. Plaintiff and Class Members are entitled to equitable relief against Defendant requiring its compliance with the FCRA in all future instances and/or re-employment of each Plaintiff, and enjoining its future violations of the FCRA.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

A. an order certifying the proposed FCRA classes herein under Federal Rule 23 and appointing Plaintiffs and their undersigned counsel of record to represent same;

B. the creation of a common fund available to provide notice of and remedy Defendant's FCRA violations;

C. judgment for actual, statutory and punitive damages, as pled;

D. injunctive relief as pled;

E. attorneys fees, expenses and costs;

F. pre-judgment and post-judgment interest as provided by law; and

G. such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

STEPHEN M. BEVERLY, individually and on behalf of similarly situated individuals.

By: _____
Of Counsel

Leonard A. Bennett, VSB #37523
*Consumer Litigation Associates, P.C.*
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Phone: (757) 930-3660
Fax:    (757) 930-3662

Christopher Colt North, VSB #16955
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax:    (757) 873-8375

*COUNSEL FOR PLAINTIFFS*