# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| STEPHEN M. BEVERLY, | |
| Plaintiff, | |
| v. | Civil Action No. 3:07cv469 |
| WAL-MART STORES, INC., | |
| Defendant. | |

| | |
|---|---|
| STEPHEN M. BEVERLY, *et al.,* | |
| Plaintiffs, | |
| v. | Civil Action No. 3:07cv541 |
| CHOICEPOINT INC., *et al.*, | |
| Defendants. | |

## ORDER
## GRANTING PRELIMINARY APPROVAL OF SETTLEMENT,
## CERTIFYING CLASS FOR PURPOSES OF SETTLEMENT,
## APPOINTING CLASS COUNSEL,
## DIRECTING NOTICE TO THE CLASS AND
## <u>SCHEDULING FAIRNESS HEARING</u>

WHEREAS, this matter has come before the Court pursuant to a Joint Motion for Order Granting Preliminary Approval of Settlement, Certifying Class for Purposes of Settlement, Appointing Class Counsel, Directing Notice to the Class and Scheduling Fairness Hearing (the "Motion"); and

WHEREAS, the Court finds that it has jurisdiction over these actions and each of the parties for purposes of settlement only; and

WHEREAS, this Court has conducted a preliminary approval hearing on November 21, 2008, and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED THAT:

1. The terms of the Settlement Agreement dated September 23, 2008, including all Exhibits thereto, as attached to the Motion, are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. This Order incorporates herein, and makes a part hereof, the Settlement Agreement, including the Exhibits thereto. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings herein. The Settlement Agreement between the Plaintiff and Defendants was entered into at arm's-length by experienced counsel for the parties and only after extensive arm's-length negotiation. The Court finds that the Settlement Agreement is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in Paragraphs 6 of this Order.

2. The Court preliminarily finds that the proposed Classes, for the purpose of this Settlement only, meet all the applicable requirements of Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, and hereby conditionally certifies the following Classes for settlement purposes only:

The "Section 1681b(b) Settlement Class" is defined as:

> All natural persons residing in the United States or its territories to whom, per ChoicePoint WorkPlace Solutions Inc.'s records, a notice was mailed by ChoicePoint WorkPlace Solutions Inc.on behalf of Wal-Mart Stores Inc. pursuant to 15 U.S.C. § 1681b(b) on or after August 10, 2005 through February 20, 2008.

The "Section 1681k Settlement Class" is defined as:

> All natural persons residing in the United States or its territories to whom, per ChoicePoint WorkPlace Solutions Inc.'s records, a notice was mailed by ChoicePoint WorkPlace Solutions Inc. pursuant to 15 U.S.C. § 1681k on or after August 10, 2005 through February 20, 2008 as a result of a request for an employment background check by either Target Corp. or Wal-Mart Stores Inc.

3. The Court hereby preliminarily finds that Stephen M. Beverly and Bruce J. Smith are adequate and appropriate representatives for the Class for settlement purposes only.

4. If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Classes shall be void, and Plaintiff and Defendants shall be deemed to have reserved all of their rights to propose or oppose any and all class certification issues.

5. The Court further preliminarily finds that the following attorneys fairly and adequately represent the interests of the Classes and hereby appoints them as Class Counsel pursuant to Rule 23(g) for settlement purposes only:

> Leonard A. Bennett
> *Consumer Litigation Associates, P.C.*
> 12515 Warwick Blvd., Ste 100
> Newport News, Virginia 23606
>
> Christopher Colt North
> 751-A Thimble Shoals Blvd.
> Newport News, VA 23606

6. The parties are authorized to retain U.S. Bank as Notice Administrator, and to delegate to the Notice Administrator class administration and notice tasks in accordance with the terms of Settlement Agreement.

**<u>Notice to Potential Class Members</u>**

7. On or before January 16, 2009, Defendants shall cause copies of the Notices in substantially the form attached hereto as **Exhibits A, B and C** to be mailed by first class mail to each member of the Class.

8. On or before December 3, 2008, Class Counsel shall cause the Notice and the Settlement Agreement to be published on the website established for purposes of the Settlement.

9. On or before March 2, 2009, Class Counsel and Defendants' Counsel shall serve and file or caused to be served and filed sworn statements attesting to compliance with the provisions of Paragraphs 7 and 8 of this Order.

10. The notice to be provided as set forth in Paragraphs 7 and 8 of this Order is hereby found to be the best practicable notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

### Requests for Exclusion from the Settlement

11. Any member of either the Class who wishes to be excluded from his or her respective Class shall mail a written notice of exclusion to Class Counsel so that it is received no later than April 1, 2009.

12. The Notice of Exclusion shall require sufficient information by which the member requesting exclusion may be identified.

13. Class Opt-Outs shall not be bound by the Settlement Agreement, the Settlement, or the Final Order and Judgment. Upon receipt, Class Counsel shall promptly provide copies of each notice of exclusion to the Court and Defendants' Counsel.

14. Any member of the Class that does not properly and timely mail a notice of exclusion as set forth in Paragraph 11 above shall be automatically included in the applicable Class and shall be bound by all the terms and provisions of the Settlement Agreement and the Final Order and Judgment, whether or not such member shall have objected to the Settlement.

## **The Fairness Hearing**

15. A hearing on final settlement approval (the "Fairness Hearing") will be held on May 1, 2009, at 11 a.m. before this Court, at the, United States District Court for the Eastern District of Virginia, Richmond Division, Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219, to consider, *inter alia*, the following: (a) whether the Class should be finally certified, for settlement purposes only; (b) the fairness, reasonableness and adequacy of the Settlement, the dismissal with prejudice of the Action as to the Defendant, and the entry of final judgment; and (c) whether Class Counsel's application for attorneys' fees and expenses and the incentive award for the Class Representative ("Fee Petition") should be granted.

16. On or before April 17, 2009, Class Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Settlement; and (ii) the Fee Petition.

17. Any member of the Class that has not filed a notice of exclusion in the manner set forth above may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement, the dismissal with prejudice of the Action, the entry of final judgment, and/or the Fee Petition; provided, however, that no person shall be heard in opposition

to the Settlement, dismissal and/or entry of final judgment or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless submitted to the Court and served upon Counsel for the parties on or before April 1, 2009. Such person must: (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such, and (b) serve copies of such notice, statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Class Counsel and Defendants' Counsel. Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

18. Counsel for the parties who must be served with all documentation described above in Paragraph 16 are as follows:

> Class Counsel:
>
>> Leonard Bennett, Esquire
>> *Consumer Litigation Associates, P.C.*
>> 12515 Warwick Blvd., Ste 100
>> Newport News, VA 23606
>>
>> Christopher Colt North, Esquire
>> 751-A Thimble Shoals Blvd.
>> Newport News, VA 23606
>
> Defendants' counsel:
>
>> Alan D. Wingfield, Esquire
>> David N. Anthony, Esquire
>> TROUTMAN SANDERS LLP
>> 1001 Haxall Point
>> Richmond, VA 23219
>>
>> Gregory T. Parks (pro hac vice)

Thomas J. O'Brian (VSB No. 23628)
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, Pennsylvania 19103

19. The date and time of the Fairness Hearing shall be set forth in the Notice described in Paragraph 7 above, but shall be subject to adjournment by the Court without further notice to the members of the Class other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the Notice Plan.

20. All discovery and other pretrial proceedings in the Action among the parties are stayed and suspended, pending the Final Approval of the Settlement.

21. Any Class member may hire an attorney at his or her own expense to appear in the action. Such attorney shall file with the Court a Notice of Appearance and serve same on the Counsel listed in Paragraph 18 above.

22. Pending Final Approval, no Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from a Class), shall commence, continue or prosecute against the Defendants any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released upon Final Approval pursuant to the Settlement Agreement, and are hereby enjoined from so proceeding. Upon Final Approval, all Class Members that do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Settlement Agreement, and any Class Member shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in said Agreement.

**Other Provisions**

23. Upon Final Approval, each and every term and provision of the Settlement Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

24. In the event the Settlement is terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Settlement Agreement, and without prejudice to the *status quo ante* rights of the Plaintiffs and Defendants.

25. Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by Defendant, or an admission regarding the propriety of any certification of any particular class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order, or by Defendants in connection with any action asserting any released claims.

SO ORDERED this __2nd____ day of _December_, 2008

                                            /s/
                                RICHARD L. WILLIAMS
                                UNITED STATES DISTRICT JUDGE