IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



| | |
|---|---|
| STEPHEN M. BEVERLY, | |
| Plaintiff, | |
| v. | Civil Action No. 3:07cv469 |
| WAL-MART STORES, INC., | |
| Defendant. | |

| | |
|---|---|
| STEPHEN M. BEVERLY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 3:07cv541 |
| CHOICEPOINT INC., *et al.*, | |
| Defendants. | |

**ORDER GRANTING FINAL APPROVAL
OF SETTLEMENT AND DISMISSING CLAIMS WITH PREJUDICE**

Plaintiffs Stephen M. Beverly and Bruce J. Smith and Defendants Wal-Mart Stores, Inc., ChoicePoint Inc., and ChoicePoint Workplace Solutions Inc. ("the Parties") have reached a Proposed Settlement resolving all Class claims in these lawsuits ("the Litigation"). The Parties have asked the Court for final approval of the Proposed Settlement, as set forth in the Settlement Agreement and Release ("the Settlement Agreement"), pursuant to Federal Rule of Civil Procedure 23(e); and

The Defendants do not oppose the entry of this Order; and

The Court having appointed Christopher Colt North and Consumer Litigation Associates as Class Counsel on December 2, 2008; and

The Court having appointed Plaintiffs as representatives of the Classes on December 2, 2008; and

The Parties having agreed that, as a condition of settlement, Plaintiffs and the Classes shall release Defendants from certain claims as specified in the Settlement Agreement; and

The Court having reviewed and considered the Settlement Agreement and proposed Notices to the Classes in open court; and

The Court having preliminarily approved the proposed Settlement on December 2, 2008; and

The Parties having evidenced full compliance with the Court's Order granting preliminary approval of the proposed Settlement; and

The Court having found that there is substantial and sufficient grounds for entering this Final Judgment;

**IT IS HEREBY ORDERED THAT:**

1. This Final Judgment incorporates by reference all definitions contained in the Settlement Agreement, and all terms used herein shall have the same meaning as set forth in the Settlement Agreement.

2

2. The Court has jurisdiction over the subject matter of this litigation and personal jurisdiction over all Parties and the members of the Classes for purposes of this litigation.

3. Pursuant to the Court's December 2, 2008 Order and the Settlement Agreement, the Classes are defined as follows:

The "Section 1681b(b) Settlement Class" is defined as:

> All natural persons residing in the United States or its territories to whom, per ChoicePoint WorkPlace Solutions Inc.'s records, a notice was mailed by ChoicePoint WorkPlace Solutions Inc. on behalf of Wal-Mart Stores Inc. pursuant to 15 U.S.C. § 1681b(b) on or after August 10, 2005 through February 20, 2008.

The "Section 1681k Settlement Class" is defined as:

> All natural persons residing in the United States or its territories to whom, per ChoicePoint WorkPlace Solutions Inc.'s records, a notice was mailed by ChoicePoint WorkPlace Solutions Inc. pursuant to 15 U.S.C. § 1681k on or after August 10, 2005 through February 20, 2008 as a result of a request for an employment background check by either Target Corp. or Wal-Mart Stores Inc.

4. The Court finds that U.S. Bank, the appointed Settlement Administrator, has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement, including dissemination of the Class Notices, verifying addresses of Class Members whose notices were returned as undeliverable, and creating and maintaining the Settlement Website. The Court finds that the direct-mail notice program used in this case satisfies Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and is the most practicable means, under the circumstances, of notifying the Class Members of the existence of the Settlement, its terms, and the consequences of accepting its terms.

5. The Court finds that Defendants have met all the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, by timely serving a notice in compliance with CAFA on all appropriate federal and state officials.

6. Except as to any individual claim of Class Members who have validly and timely requested exclusion from the Settlement, the Court hereby dismisses with prejudice the Litigation against the Defendants. As to the individuals who have validly and timely excluded themselves from the Settlement, the Court dismisses the Litigation without prejudice.

7. The Court concludes that the Settlement is fair, reasonable, and adequate as to each Class Member. The Settlement is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8. The Court has carefully considered the four Objections to the Settlement. For reasons stated on the record, all Objections are overruled.

9. Upon the Effective Date, Named Plaintiffs and each member of the Settlement Classes who has not opted out of the proposed settlement, and each of their respective spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants in the entirety, co-borrowers, agents, successors, assignees and assigns, and all those who claim through them or who assert Claims on their behalf (including the government in its capacity as <u>parens patriae</u>) completely and forever releases and discharges the Released Party from any Claim, claim for relief, right, demand, charge, complaint, action, cause of action, obligation, or liability for actual or statutory damages, punitive damages, restitution, attorney's fees, costs, expenses, or other monetary or nonmonetary relief of any and every kind, arising from violations of 15 U.S.C. § 1681b and 1681k, as alleged in the Amended

Class Complaints or that might have been alleged in the ChoicePoint Litigation or the Wal-Mart Litigation, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, liquidated or unliquidated, under the law of any jurisdiction. The Parties hereby acknowledge that all Released Parties are expressly intended beneficiaries of this Release, regardless of whether they were named Defendants and regardless of whether they paid any part of the payments set forth herein.

Also upon the Effective Date, Named Plaintiffs and each member of the Settlement Classes who has not opted out of the proposed settlement also hereby expressly waive and release, upon the Settlement Agreement becoming final, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which reads:

§ 1542. Certain claims not affected by general release.

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code.

10. Also upon the Effective Date, Named Plaintiffs and each member of the Classes who has not opted out of the Settlement shall be permanently enjoined and barred from filing, commencing, prosecuting, intervening (as a class member or otherwise), or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding arising from violations of Sections 604 and 613 of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681b(b) and 1681k, as alleged in the Amended Class Complaints.

11. The Court finds that the dissemination of the Class Notice under the terms and in the format provided for in its Order Granting Preliminary Approval, together with the

posting of the Settlement Agreement and the Class Notices on the website as set forth in the Order Granting Preliminary Approval, constitutes the best notice practicable under the circumstances, is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law.

12. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over:

a. Implementation of this Settlement and any award or distribution of the Section 1681k Common Fund or the Section 1681b(b) Common Fund, including interest earned thereon;

b. Disposition of the residual amount of the Common Fund and/or the Section 1681b(b) Settlement Fund to the agreed-upon *cy pres* recipient;

c. The Parties for the purpose of construing, enforcing, and administering the Settlement and this Final Judgment, including disbursement of Court-approved attorneys' fees, expenses, and Class Representative Incentive Awards.

13. The Court finds that the Named Plaintiffs provided invaluable participation in this Litigation, and have duly earned the proposed Incentive Awards. Accordingly, the Court directs payment to each Named Plaintiff a total sum of $500--over and above the amount each Named Plaintiff is entitled to by virtue of his status as a Class Member--

for each individual's participation in this case. These payments shall occur as stipulated in the Settlement Agreement.

14. The Court further finds that Class Counsel's requested award of attorneys' fees, costs, and expenses is fair and reasonable under Fourth Circuit standards. The Settlement is an excellent result, obtained through hard-fought negotiations that were conducted at arm's length. As stipulated in the Settlement Agreement, the Court hereby awards as Class Counsel's attorneys' fees 27.5% of the Common Fund, plus their reasonable costs and expenses, totaling $1,904,750.00.

15. Neither this Order nor the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of this Order or the Settlement Agreement, (a) is, may be deemed to be, or may be used as an admission of, or evidence of, the validity of any released claim, or of any wrongdoing or liability of Defendants; or (b) is, may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Any released party may file this Order in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

16. Should the Settlement not become effective in accordance with its terms, this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement and shall be vacated and, in such event, all orders entered and releases

8

delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

IT IS SO ORDERED.

/s/
Richard L. Williams
United States District Judge

Richmond, Virginia
Date: May 1, 2009

1826407v1

8